NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUL 26 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JOHN C. HOM,

Defendant-Appellant.

No.    14-16214

D.C. No. 3:13-cv-03721-WHA

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
William Alsup, District Judge, Presiding

Argued May 9, 2016 and Submitted July 21, 2016
San Francisco, California

Before: McKEOWN, and FRIEDLAND, Circuit Judges, and BOULWARE,[**]
District Judge.

Defendant-Appellant John C. Hom appeals the district court's grant of

summary judgment in favor of the Government in this tax case.   It is undisputed

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Richard F. Boulware, United States District Judge for the District of Nevada, sitting by designation.

that Hom failed to file a tax form known as the Foreign Bank and Financial Accounts Report ("FBAR") (Treasury Form TD F 90-22.1) for three accounts he held in 2006, and one account he held in 2007. Hom was assessed a total penalty of $40,000 ($10,000 per violation). When Hom failed to pay, the Government filed this lawsuit against Hom. The district court granted summary judgment against Hom, and Hom appealed.

The issue before us is whether Hom's accounts with FirePay, PokerStars, and PartyPoker required the filing of FBAR forms under 31 U.S.C § 5314, which provides that the Secretary of the Treasury "shall require" U.S. persons to "keep records and file reports . . . [when those persons] make[] a transaction or maintain[] a relation for any person with a foreign financial agency." Under the regulation in effect at the time, the key questions are whether Hom's accounts were "bank, securities, or other financial account[s]" and whether those accounts were "in a foreign country." *See* 31 C.F.R. § 103.24 (2006). If both questions are answered in the affirmative, the accounts required the filing of FBAR forms.

"[F]inancial agency" is defined in 31 U.S.C § 5312(a)(1) as "a person acting for a person . . . as a financial institution." "[F]inancial institution" is in turn defined to include a number of specific types of businesses, including "a commercial bank," "a private banker," and "a licensed sender of money or any

other person who engages as a business in the transmission of funds." 31 U.S.C. § 5312(a)(2).

Hom's FirePay account fits within the definition of a financial institution for purposes of FBAR filing requirements because FirePay is a money transmitter. *See* 31 U.S.C. § 5312(a)(2)(R); 31 C.F.R. § 103.11(uu)(5) (2006). FirePay acted as an intermediary between Hom's Wells Fargo account and the online poker sites. Hom could carry a balance in his FirePay account, and he could transfer his FirePay funds to either his Wells Fargo account or his online poker accounts. It also appears that FirePay charged fees to transfer funds. As such, FirePay acted as "a licensed sender of money or any other person who engages as a business in the transmission of funds" under 31 U.S.C. § 5312(a)(2)(R) and therefore qualifies as a "financial institution." *See* 31 C.F.R. § 103.11(uu)(5) (2006). Hom's FirePay account is also "in a foreign country" because FirePay is located in and regulated by the United Kingdom. *See* IRS, FBAR Reference Guide, https://www.irs.gov/pub/irs-utl/irsfbarreferenceguide.pdf (last visited July 19, 2016) ("Typically, a financial account that is maintained with a financial institution located outside of the United States is a foreign financial account.").

In contrast, Hom's PokerStars and PartyPoker accounts do not fall within the definition of a "bank, securities, or other financial account." PartyPoker and PokerStars primarily facilitate online gambling. Hom could carry a balance on his

3

PokerStars account, and indeed he needed a certain balance in order to "sit" down to a poker game. But the funds were used to play poker and there is no evidence that PokerStars served any other financial purpose for Hom. Hom's PartyPoker account functioned in essentially same manner.

The Government argues that these entities were functioning as banks,[1] but this argument lacks support. Neither the statute nor the regulations define banking. In discerning the plain meaning of the text, we interpret words in light of their "ordinary, contemporary, common meaning" unless they are otherwise defined. *Perrin v. United States*, 444 U.S. 37, 42 (1979). Merriam-Webster dictionary defines bank as, "an establishment for the custody, loan, exchange, or issue of money, for the extension of credit, and for facilitating the transmission of funds." Merriam-Webster Dictionary, Bank, http://www.merriam-webster.com/dictionary/bank (last visited July 19, 2016).[2] There is no evidence

---

[1] The Government's belated attempt to argue that PokerStars and PartyPoker are "casinos" and thus qualify as financial institutions, is too little, too late. Not only did the Government not raise this argument below, it explicitly disclaimed reliance on that theory. We decline to address this argument raised for the first time on appeal because "[o]ur discretion to affirm on grounds other than those relied on by the district court extends to issues raised in a manner providing the district court an opportunity to rule on it." *Mansourian v. Regents of Univ. of Cal.*, 602 F.3d 957, 974 (9th Cir. 2010).

[2] The next two definitions in Merriam-Webster for "bank" do relate specifically to gambling establishments. *See* Merriam-Webster, Bank ("2: a person conducting a gambling house or game; *specifically*: dealer [and] 3: a supply of something held in reserve: as [] the fund of supplies (as money, chips, or pieces) held by the banker or dealer for use in a game."). The Government, however, did not advance the

4

that PartyPoker and PokerStars were established *for* any of those purposes, rather than merely for the purpose of facilitating poker playing.[3]

For the foregoing reasons, we REVERSE in part, AFFIRM in part, and remand.

Each party shall bear its own costs on appeal.

---

argument that these latter definitions of "bank" were what Congress intended, nor would that argument have been particularly persuasive given that Congress separately lists banks and casinos in the definition of financial institution. *See* 31 U.S.C. § 5312(a)(2)(X).

[3] The Fourth Circuit's decision in *United States v. Clines*, 958 F.2d 578, 579 (4th Cir. 1992), is not to the contrary. There, the court, in upholding a defendant's conviction for failing to file FBARs, explained, "By holding funds for third parties and disbursing them at their direction, [the entity at issue] functioned as a bank." *Id.* at 582. The Government seizes upon that single sentence to argue that holding funds alone is sufficient to qualify an entity as a bank, but this reading fails to consider that the entity at issue in *Clines* engaged in many traditional banking functions beyond merely holding funds. *See id.* at 580 (explaining that the services the entity provided the defendant and his business partners included "bookkeeping, accounting, and financial management responsibilities . . . [as well as] investment of funds and management of accounts").